UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GEORGE WESLEY WELLS, | ) | 1:05-CV-1218 AWI SMS HC |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| v. | ) | REGARDING RESPONDENT'S MOTION |
| | ) | TO DISMISS |
| | ) | |
| KATHY MENDOZA-POWERS, | ) | [Doc. #16] |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Los Angeles, following his conviction by plea of nolo contendere on July 7, 1992, to second degree murder with use of a firearm in violation of Cal. Penal Code § 187(a). On July 23, 1992, Petitioner was sentenced to serve an indeterminate term of 15 years to life in state prison plus three years.

With this petition, Petitioner does not challenge the underlying conviction; rather, Petitioner challenges the November 14, 2002, decision of the Board of Prison Terms ("BPT") denying him parole.

Petitioner submitted an administrative appeal of the decision on February 4, 2003. <u>See</u>

---

[1] This information is derived from the petition for writ of habeas corpus, the exhibits in support thereof, and the attachments to Petitioner's opposition.

1  Exhibit A, Petition. The BPT denied the appeal on July 8, 2003. Id.

2  Petitioner next sought review in the Los Angeles County Superior Court by filing a petition
3  for writ of habeas corpus on January 30, 2004.[2]  The petition was denied on May 24, 2004.

4  On June 23, 2004, Petitioner filed a petition for writ of habeas corpus in the California Court
5  of Appeals, Second Appellate District. See Attachment F, Opposition. The petition was denied on
6  July 2, 2004. Id.

7  Petitioner next filed a petition for writ of habeas corpus in the California Supreme Court, and
8  the petition was denied on June 29, 2005. Id.

9  On September 25, 2005, Petitioner filed the instant petition for writ of habeas corpus in this
10  Court.[3] On May 19, 2006, Respondent filed a motion to dismiss the petition as being filed outside
11  the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). On June 2, 2006, Petitioner
12  filed an opposition to Respondent's motion to dismiss.

13  **DISCUSSION**

14  A.  Procedural Grounds for Motion to Dismiss

15  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
16  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not
17  entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

18  The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if
19  the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the
20  state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule
21  4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874

---

[2] Although the petition was filed in the Los Angeles County Superior Court on February 13, 2004, the petition was delivered to prison authorities on January 30, 2004. See Attachment C, Petitioner's Opposition. In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), citing Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). Therefore under the mailbox rule, the Court deems the petition filed on January 30, 2004, the date Petitioner handed his petition to prison authorities for mailing.

[3] Although the petition was actually filed on September 27, 2005, under the mailbox rule the Court considers the date September 25, 2005, to be the date of filing, because that is the date Petitioner signed the petition and presumably handed it to prison authorities for mailing. Houston, 487 U.S. at 276.

1  F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for
2  state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).
3  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court
4  should use Rule 4 standards to review the motion.  See <u>Hillery</u>, 533 F. Supp. at 1194 & n. 12.
5     In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s
6  one-year limitations period.  Because Respondent's motion to dismiss is similar in procedural
7  standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default
8  and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to
9  dismiss pursuant to its authority under Rule 4.
10 <u>B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus</u>
11    On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of
12 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of
13 habeas corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059,
14 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct.
15 586 (1997).
16    In this case, the petition was filed on September 25, 2005, and therefore, it is subject to the
17 provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners
18 seeking to file a federal petition for writ of  habeas corpus. 28 U.S.C. § 2244(d)(1).  As amended,
19 § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

      (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In cases involving administrative decisions such as the denial of parole, the limitations period commences as soon as the administrative decision becomes final. <u>Redd v. McGrath</u>, 343 F.3d 1077, 1082 (9th Cir.2003). In this case, Petitioner's administrative appeal became final on July 8, 2003, when the BPT denied his appeal. Therefore, Petitioner had one year until July 9, 2004, to file his federal petition for writ of habeas corpus.[4] However, Petitioner delayed filing the instant petition until September 25, 2005. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In <u>Carey v. Saffold</u>, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 122 S.Ct. 2134, 2135-36 (2002); <u>see also</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000).

As stated above, the statute of limitations began to run on July 9, 2003. Petitioner filed his first state habeas petition on January 30, 2004. At that point, 205 days of the limitations period had expired. Petitioner and Respondent agree that Petitioner is entitled to tolling for the single round of collateral relief commencing with the filing of the habeas petition in the superior court until the

---

[4] Petitioner's argument that the limitations period did not commence until he received the denial around December 5, 2003, is without merit. According to <u>Redd</u>, the limitations period commences as soon as the decision becomes final, not when Petitioner receives a copy of the decision. 343 F.3d at 1082. <u>See also</u> <u>Rouse v. Lee</u>, 339 F.3d 238, 245 (4th Cir. 2003) (en banc); <u>Donovan v. Maine</u>, 276 F.3d 87, 92 (1st Cir. 2000); <u>Geraci v. Senkowski</u>, 211 F.3d 6, 9 (2d Cir. 2000); <u>Adams v. United States</u>, 173 F.3d 1339, 1342 (11th Cir. 1999).

denial of the habeas petition by the California Supreme Court on June 29, 2005. The parties also agree that Petitioner is entitled to tolling for the thirty day period from June 29, 2005, until July 29, 2005. Pursuant to § 2244(d)(2), Petitioner is entitled to tolling from January 30, 2004, to June 29, 2005; however, the Court does not find Petitioner is entitled to tolling for the additional thirty days. Because the California Supreme Court decision occurred on June 29, 2005, the decision became final on that date. See California Rules of Court Rule 29.4(b)(2)(C). The thirty day period under Bunney v. Mitchell, 262 F.3d 973 (9th Cir. 2001), is not applicable to decisions of the Supreme Court issued after December 31, 2002. See Phelps v. Alameda, 366 F.3d 722, 724 n.1 (9th Cir. 2004). Thus, the limitations period recommenced on June 30, 2005. Petitioner filed the instant habeas petition 87 days later, on September 25, 2005. Since only 292 total days (205 plus 87) of the 365-day limitations period had expired by the time Petitioner filed his federal petition, it was timely filed. Respondent's motion to dismiss should be denied.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be DENIED.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 20, 2006**                          /s/ Sandra M. Snyder

1  icido3                              UNITED STATES MAGISTRATE JUDGE